UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Anthony Greco,

        Plaintiff(s),

vs.

Deanna O'Donnell,

        Defendant(s).

2:25-cv-01056-APG-MDC

ORDER

Pending before the Court is plaintiff's *Motion/Application to Proceed In Forma Pauperis* ("IFP application") (ECF No. 2) and Complaint (ECF No. 2-1). For the reasons stated below, the Court GRANTS the IFP application and dismisses the complaint without prejudice.

**DISCUSSION**

I. **IFP APPLICATION**

    A. **Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed

in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

### B. Analysis

The Court finds plaintiff qualifies for IFP status. Plaintiff reports that he receives $986 per month in "retirement." *ECF No. 2 at 2*. Plaintiff spends more than half of his income (e.g., $660) on rent, utilities, food, and laundry/dry cleaning. *Id. at 4*. Therefore, the Court finds that plaintiff has adequately shown he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff may proceed with this action without paying the filing fee.

## II. COMPLAINT

### A. Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same

standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

### B. Analysis

Plaintiff states that this Court has federal question jurisdiction over this matter. *ECF No. 2-1 at 3*. Plaintiff lists "Lanham Act (15 U.S.C. § 1114), Communications Decency Act (47 U.S.C. § 230), Sherman Act (15 U.S.C. §§ 1-2), and 28 U.S.C. § 2201 as bases for federal question jurisdiction. For the reasons stated below, the Court dismisses plaintiff's Complaint in its entirety, but with leave to amend.

#### a. Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). "We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991) (internal quotation marks and citations omitted). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)).

A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction when a "civil action[] aris[es] under the Constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998) (internal quotations and citations omitted). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction when [1] parties are diverse *and* [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

### i. Diversity Jurisdiction

As stated above, district courts have diversity jurisdiction when [1] parties are diverse *and* [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Plaintiff does not assert diversity jurisdiction, nor does the Court find any. Foremost, both parties are citizens of the same state. Second, there is no indication that the amount in controversy exceeds the sum or value of $75,000. Therefore, the Court lacks diversity jurisdiction over this matter. Thus, the only way the Court can have subject matter jurisdiction over this matter is if plaintiff plausibly asserts federal question jurisdiction.

### ii. Federal Question Jurisdiction

"The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th

Cir. 2002) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)).

Plaintiff asserts federal question jurisdiction under the "Lanham Act (15 U.S.C. § 1114), Communications Decency Act (47 U.S.C. § 230), and Sherman Act (15 U.S.C. §§ 1-2)." *See ECF No. 2-1*. However, a review of the Complaint shows that plaintiff's claims are better construed as defamation claims, which is a state law claim. The underlying allegations assert that defendant "falsely labeled Greco a convicted felon, despite no criminal convictions, accused Greco of trademark infringement, though [defendant] only has an application for a graphic image, issued a cease-and-desist letter without legal grounds, and spread false claims on Facebook, damaging Greco's reputation." *ECF No. 2-1 at 4*. Plaintiff alleges that "these misrepresentations caused severe revenue loss to Greco's startup community radio station." *Id.*

**Lanham Act (15 U.S.C. § 1114):** "To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party 'must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.'" *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006)).

The Lanham Act, 15 U.S.C. § 1114, states:

(1) Any person who shall, without the consent of the registrant—
    (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
    (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. § 1114(1).

However, plaintiff does not allege that defendant infringed on his trademark. Rather, plaintiff alleges that defendant "accused [him] of trademark infringement, though she only has an application for a graphic image." *ECF No. 2-1 at 4*. Plaintiff does not allege that defendant used or imitated a "registered mark…for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive" 15 U.S.C. § 1114(1). Rather than allege an infringement, plaintiff appears to defend himself from the accusation. Plaintiff does not provide any statutory basis that would give the Court jurisdiction over his claims.

However, the Court notes that the Court *may* have jurisdiction under the Lanham Act pursuant to the Declaratory Judgment Act. *See* 12 Moore's Federal Practice, § 57.84 (Matthew Bender 3d Ed.) ("An action for a declaration of the validity, invalidity, or non-infringement of a federally registered trademark under the Lanham Act may be filed in federal court…"); 3 Anne Gilson LaLonde, Gilson on Trademarks § 11.04 (Matthew Bender) ("Declaratory judgment actions are an oft-used strategy in trademark litigation."). The Declaratory Judgment Act provides that:

> In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

"The party seeking declaratory relief must demonstrate the three elements that comprise the irreducible constitutional minimum of standing: (1) an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical that is (2) causally connected and fairly traceable to the conduct complained of and not the result of the independent action of some third party not before the court and (3) likely as opposed to merely speculative, such that the injury will be redressed by a favorable decision." *San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 60 F.4th 1012, 1022-23 (9th Cir. 2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.

Ed. 2d 351 (1992)) (internal quotations omitted). The Ninth Circuit has held that "a plaintiff has standing to seek declaratory relief of non-infringement if he demonstrates 'a real and reasonable apprehension that he will be subject to liability' if he continues with his course of conduct." *San Diego Cty. Credit Union* 60 F.4th at 1022. Plaintiff does not provide the Court with enough information to construe a plausible claim for relief to warrant granting declaratory relief. While the Court may *infer* that plaintiff may fear a threat of litigation, plaintiff fails to assert such claim on the face of his Complaint. Plaintiff does not provide any other facts that would allow the Court to examine "the likely impact on competition" created by a defendant's actions, along with "the risks imposed upon the plaintiff." *Id.* at 1024. Therefore, without more, the Court finds it lacks federal question jurisdiction under the Lanham Act. As noted below, the Court gives plaintiff an opportunity to amend his complaint to address these matters and provide additional facts.

**Communications Decency Act (47 U.S.C. § 230):** The Communications Decency Act ("CDA") states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," and expressly preempts any state law to the contrary. 47 U.S.C. §§ 230(c)(1), (e)(3). The CDA is a defense of immunity and does not provide a private right of action. Neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a Plaintiff's complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009). Therefore, the Court finds that it lacks federal question jurisdiction under the Communications Decency Act.

**Sherman Act (15 U.S.C. §§ 1-2):** The Sherman Antitrust Act, also known as the Sherman Act, seeks to prevent anticompetitive practices in commerce. Section 1 of the Sherman Act prohibits agreements or conspiracies that unreasonably restrain trade. 15 U.S.C. § 1. To successfully allege a violation of Section 1, "a plaintiff must allege sufficient facts to demonstrate three elements: (1) the existence of a contract, combination, or conspiracy among two or more separate entities that (2) unreasonably restrains (3) interstate trade or commerce." *Columbia River People's Util. Dist. v. Portland*

*Gen. Elec. Co.*, 217 F.3d 1187, 1189-90 (9th Cir. 2000) (citation omitted). Section 2 of the Sherman Act prohibits the monopolization of "any part of the trade or commerce." 15 U.S.C. § 2. To state a plausible monopolization claim under Section 2 of the Sherman Act, a plaintiff must show: "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal antitrust injury." *Somers v. Apple, Inc.*, 729 F.3d 953, 963 (9th Cir. 2013) (citation omitted).

The Sherman Act does not, by itself, include a private right of action. However, section 4 of the Clayton Act does allow private parties to sue for violations of the Sherman Act and other relevant antitrust laws. 15 U.S.C. § 15 ("[A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides."). Here, plaintiff alleges no antitrust claims such that provisions of the Sherman Act apply. Therefore, without more, the Court finds that the Sherman Act does not provide federal question jurisdiction.

The Court is unable to construe plaintiff's claims as establishing federal question jurisdiction. The Supreme Court in *Erickson* requires "[a] document filed *pro se*…be liberally construed" and a pro se complaint, however inartfully pleaded held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, "[c]ourts are not required to conjure allegations on behalf of pro se filers." *Coney v. Lozo*, 2024 U.S. Dist. LEXIS 89865, at *5 (D. Nev. May 20, 2024) (internal citations omitted). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner."). Thus, the Court cannot construct an argument for jurisdiction where there is none.

### b. State Law – Defamation

As noted above, it appears that plaintiff's federal claims are better construed as state law defamation claims. Foremost, plaintiff asserts "defamation (slander)" as his "legal claims." *ECF No. 2-1*

*at 6.* Second, plaintiff's statement of facts includes allegations that primarily rest on defendant's alleged false statements. *Id.* Although supplemental jurisdiction may allow for plaintiff to bring his state law claim, plaintiff cannot bring his defamation claims in federal court because his federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Plaintiff is free to bring his defamation claims in state court.

### c. Amended Complaint

Although unlikely, the Court will give plaintiff an opportunity to amend his complaint to clearly establish the basis for federal question jurisdiction. Plaintiff must make clear what "Constitution[al] [basis], laws, or treaties of the United States" establishes federal question jurisdiction and how. "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

//
//
//
//
//
//
//
//
//
//
//

## III. CONCLUSION

The Court finds that plaintiff has failed to establish federal question jurisdiction. Plaintiff's claims read more as a state law defamation claim. However, the Court will give plaintiff an opportunity to amend his Complaint to try and establish federal question jurisdiction.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion/Application to Proceed In Forma Pauperis* (ECF No. 2) is **GRANTED**.

2. The Complaint (ECF No. 2-1) is DISMISSED without prejudice and with leave to refile.

3. Plaintiff has until **August 22, 2025,** to file an amended complaint addressing the issue addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

4. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED this 22nd day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.