UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Anthony Greco,

          Plaintiff,

vs.

Deanna O'Donnell,

          Defendant.

2:25-cv-01056-APG-MDC

ORDER

Pending before the Court is *pro se* plaintiff Anthony Greco's Amended Complaint (*ECF No. 6*).[1] For the reasons stated below, plaintiff's Amended Complaint is DISMISSED WITH LEAVE TO AMEND.

**DISCUSSION**

I. **BACKGROUND**

Plaintiff initiated this action June 16, 2025, by filing an IFP application (*ECF No. 2*) and his original Complaint (*ECF No. 2-1*). On July 22, 2025, the Court granted plaintiff leave to proceed in forma pauperis and screened plaintiff's original Complaint. *ECF No. 5*. The Court screened and dismissed with leave to amend plaintiff's Complaint (*ECF No. 2-1*) because plaintiff failed to state a basis for federal subject-matter jurisdiction. *ECF No. 5*. While plaintiff attempted to claim that federal question jurisdiction existed under the "Lanham Act (15 U.S.C. § 1114), Communications Decency Act (47 U.S.C. § 230), Sherman Act (15 U.S.C. §§ 1-2), and 28 U.S.C. § 2201[,]" the Court found that none of those statutes provided jurisdiction. *ECF No. 5*. The Court ordered plaintiff to cure the defects in the Complaint by stating a basis for the Court's federal question jurisdiction. On July 24, 2025, plaintiff filed his Amended Complaint. *ECF No. 6*.

---

[1] Though plaintiff labels this his "First Amended Complaint" (*ECF No. 6*), this is the only amended complaint on the docket and will be referred to as the "Amended Complaint."

## II. AMENDED COMPLAINT

### A. Legal Standard

The Court exercises its discretion to screen the Amended Complaint. *See Yahral v. Fincher*, No. 2:24-cv-02042-CDS-MDC, 2025 WL 2211254 at *1 (D. Nev. August 4, 2025); *see also Harris v. Cnty of Clark*, No. 2:22-cv-00560-RFB-NJK, 2024 WL 4349195 at *1 (D. Nev. September 29, 2024) (stating "district courts repeatedly find that the decision to screen an amended complaint is within the discretion of the Court"); *Matlean v. Dzurenda*, No. 2:19-cv-01498-APG-DJA, 2021 WL 4864285 at *1 (D. Nev. October 19, 2021) (stating that Federal courts screen amended complaints at their discretion).[2] The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

---

[2] While these cited cases were in the prisoner context and 28 U.S.C. § 1915 sometimes refers to prisoners, the Ninth Circuit has held that 28 U.S.C. § 1915 screening provisions are not limited to cases initiated by prisoners. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). At issue here is whether plaintiff's Amended Complaint states a plausible claim for relief. "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

### B.     Analysis

Plaintiff's Amended Complaint does not state a basis for jurisdiction. Plaintiff attempts to bring his claim under the First Amendment of the Constitution and "abuse of process." *ECF No. 6* at 4-5. For the reasons below, the Court dismisses without prejudice plaintiff's claims, with one last chance to leave to amend.

#### a.     Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). "We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991) (internal quotation marks and citations omitted). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)).

A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction when a "civil action[] aris[es] under the Constitution, laws, or treaties of the United States." "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998) (internal quotations and citations omitted). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction when [1] parties are diverse and [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

This Court has already found that it lacks diversity jurisdiction. *ECF No. 5* at 4. As plaintiff does not claim that the parties are diverse or that the amount in controversy exceeds the sum or value of $75,000 in his Amended Complaint, the Court does not revisit the issue.

i. **Federal Question Jurisdiction**

"The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)).

The Court asked for plaintiff to provide a basis of jurisdiction. *See ECF No. 5*; *see also ECF No. 2-1*. In his Amended Complaint, plaintiff asserts federal question jurisdiction under the First Amendment and for "abuse of process." *ECF No. 6* at 4-5. The allegations of the Amendment Complaint do not provide a basis for federal jurisdiction over his claims. Plaintiff alleges that defendant "submitted litigation materials containing knowingly false and inflammatory allegations," which caused plaintiff "reputational harm, emotional distress, and interference with constitutional protections." *Id.* at 2-3. Plaintiff, however, does not allege defendant or her actions had any government connection.

**First Amendment Claim:** Plaintiff's does not state a plausible claim under the First Amendment. The First Amendment Free Speech Clause "prohibits government entities and actors from

abridging the freedom of speech." *National Rifle Ass'n of America v. Vullo*, 602 U.S. 175, 187 (2024) (internal quotations omitted). However, under the state action doctrine, the Amendment "prohibits only governmental abridgment of speech and does not prohibit private abridgment of speech." *Children's Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 753 (9th Cir. 2024) (internal quotations and citations omitted).

A two-prong inquiry determines if a private party can be deemed a state actor for constitutional purposes: "(1) the 'state policy' requirement and (2) the 'state actor' requirement." *Id.* at 754 (citations omitted). To satisfy the state policy requirement, "the alleged constitutional deprivation must result from the exercise of some right or privilege created by the State or a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). To satisfy the state actor requirement, Court looks at four tests: (1) the traditional public function test, (2) the joint activity test, (3) the government compulsion test, and (4) the nexus test. *Children's Health*, 112 F.4th at 754 (citing *Lugar*, 457 U.S. at 937, 939). If any test is met, the defendant can be deemed a state actor. *Id.*

Plaintiff does not meet the state policy requirement. The state policy requirement is meant to ensure that the alleged constitutional deprivation is "fairly attributable to a state policy." *Wright v. SEIU*, 48 F.4th 1112, 1122 (9th Cir. 2022). Plaintiff alleges, in addition to his allegations above, that the defendant "federal filings" that had false information and "distorted the judicial record, impeded Plaintiff's access to fair process, and chilled Plaintiff's constitutional… free expression." *ECF No. 6* at 2-3. Plaintiff also alleges that the defendant misused "judicial procedures" and abused her "litigation privilege." *Id.* at 3. None of these allegations meet the state policy requirement. Defendant accessing and using the judicial process on her own is not sufficient. Plaintiff fails to allege whether defendant's actions were at the direction of a government entity. *See O'Handley v. Weber*, 62 F.4th 1145, 1156 (9th Cir. 2023) (stating that the state policy requirement was not met where the private actor was not vested with power by the state to compel action on plaintiff). Plaintiff also does not allege that the defendant's

actions were mandated or suggested by the government. *See Children's Health*, 112 F.4th 742, 755 (stating that the state policy requirement was not met when there was no "actionable federal 'rule'" that defendant had to follow). As the alleged constitutional deprivation cannot be "fairly attributable to a state policy," plaintiff fails to meet the state policy requirement. *See Wright*, 48 F.4th at 1122.

Plaintiff also fails to meet the state actor requirement. Plaintiff names as a defendant a private citizen. Plaintiff does not allege defendant to be a government official or actor. He makes no allegations that could be liberally construed as satisfying the traditional public function test. Making statements and filing papers as part of the litigation process is usually done by the parties to a case, and it is not "traditionally or exclusively governmental." *See Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (stating that the traditional public function test is only met when the action being alleged is traditionally or exclusively governmental). Plaintiff also fails to allege any facts to satisfy the joint activity test. While Plaintiff claims that defendant's actions were part of a court process, "mere invocation of state legal procedures" does not suffice to constitute joint activities with the government. *See Carlson v. Roetzel*, 552 F.3d 648 (8th Cir. 2008) ("mere invocation of state legal procedures is not state action"); *see also Lugar*, 457 U.S. at 939 n. 21. Because defendant's action was not alleged to be compelled or encouraged by the government, as discussed above, plaintiff also fails to satisfy the government compulsion. *See Kirtley*, 326 F.3d at 1094 (stating that the compulsion test was not met when the defendant "functions independently of the court" and cannot be said to be acting on behalf of the state).

Plaintiff also fails to satisfy the nexus test[3] because he does not allege that the government pressured the defendant to make any of her alleged statements. *See O'Handley*, 62 F.4th at 1158 (holding that the plaintiff did not satisfy the nexus test where there are no facts that the government

---

[3] The nexus test specifically tests if a sufficiently close nexus exists between the state and the alleged action so that the actions can be fairly treated as that of the state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). To determine if a sufficiently close nexus exists, the Ninth Circuit looks at if: (1) there is pervasive entwinement of public institutions and public officials in [the private actor's] composition and workings or (2) if the government has exercised coercive power… that the [private party] choice must in law be deemed to be that of the State. *See O'Handley*, 62 F.4th at 1157.

pressured the defendant to act). Thus, the plaintiff fails to meet his burden under the state action requirement. Therefore, the Court lacks federal question jurisdiction under the First Amendment.[4]

**Abuse of Process Claim:** Plaintiff's abuse of process claim does not give the Court federal question jurisdiction over this matter. Abuse of process claims are state law tort claims. State law claims give rise to federal question jurisdiction only when: "'a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, **and** (4) capable of resolution in federal court without disrupting [Congress's] federal-state balance.'" *St. Mary's Reg'l Med. Ctr. v. Renown Health*, 35 F. Supp. 3d 1275, 1281 (D. Nev. 2014) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)) (emphasis added). Plaintiff fails the first requirement of this test. While plaintiff claims that defendant "impeded" his fair process rights and "misused the federal litigation process" (*ECF No. 6* at 3-4), he alleges no injury from any federal court or governmental official. Thus, plaintiff does not plausibly make any allegations that "necessarily raises" a federal issue as no federal actors are implicated in the complaint. *See St. Mary's*, 35 F. Supp. 3d at 1282 (citing *Gunn*, 568 U.S. at 258-59) (stating that for a state law claim to necessarily raise a federal issue, the state claim must "hinge" on the federal issue's adjudication); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1090-91 (finding that no federal issue was necessarily raised where the complaint alleged no acts of state as an essential element of any claim).[5] The Court lacks federal question jurisdiction under the abuse of process claim.

### ii.   State law – Abuse of Process

As noted above, the Court finds that the abuse of process claim is a state law claim. It also notes that under Nevada common law, the plaintiff's allegations center around the defendant intentionally

---

[4] The Court also notes that even if there was a plausibly plead First Amendment claim, litigation privilege still may bar the claim.

[5] If the allegation that the defendant impeded his fair process rights (*ECF No. 6* at 3-4) can be liberally construed to be a constitutional Due Process claim, it still fails to give rise to a federal issue. A constitutional Due Process claim is subject to the state action doctrine and as stated above, plaintiff fails to show state action and thus no federal Due Process claim exists. *See, e.g.*, *Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003); *Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1409 (9th Cir.1996).

making court filings full of false information, which are likely protected by litigation privilege and would likely bar this claim from coming into even state court.[6] See *Bailey v. City Attorney's Office of N. Las Vegas*, Case No. 2:13-cv-343-JAD-CWH, 2015 WL 4506179, at *2-3 (D. Nev. July 23, 2015).

      **b.**     **Second Amended Complaint**

The Court will give plaintiff one last opportunity to clear establish the basis for federal question jurisdiction. Plaintiff must make clear what "Constitution[al] [basis], laws, or treaties of the United States" establishes federal question jurisdiction and how. "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes*, 621 F.3d at 1005 (quoting *Loux*, 375 F.2d at 57). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

//
//
//
//
//
//
//
//
//
//
//
//
//

---

[6] Plaintiff alleges nothing that would overcome this litigation privilege from applying.

## III. CONCLUSION

Plaintiff has failed to cure the defects in his original Complaint and failed to establish federal question jurisdiction.[7] The Court will give him an opportunity to amend his Complaint to establish federal question jurisdiction.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's Amended Complaint (*ECF No. 6*) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO REFILE**. Because the Court is dismissing plaintiff's complaint, defendant's *Answer and Counterclaim* (*ECF No. 4*) is struck as moot.

2. Plaintiff's *Motion to Strike* (*ECF No. 8*) and *Proposed Joint Discovery Plan* (*ECF No. 10*) are **DENIED AS MOOT**.

3. Plaintiff has until **September 30, 2025,** to file an amended complaint addressing the issues addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in a recommendation for dismissal.

4. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

5. Defendant is not required to respond to plaintiff's new amended complaint until the Court has screened it.

DATED this 26th day of August 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

---

[7] The Court has construed plaintiff's allegation reasonably liberally but will not conjure arguments or allegations which the plaintiff does not himself raise. *See 07/22/2025 Order at 8, ECF No. 5*

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.