UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Anthony Greco,

                Plaintiff,

vs.

Deanna O'Donnell,

                Defendant.

**2:25-cv-01056-APG-MDC**

**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 12).**

Pending before the Court is *pro se* plaintiff Anthony Greco's Amended Complaint (ECF No. 12) ("Amended Complaint"). For the reasons stated below, the Court **DISMISSES** plaintiff's Amended Complaint with leave to amend.

**DISCUSSION**

**I.      BACKGROUND**

Plaintiff initiated this action by filing an Application for Leave to Proceed *in forma pauperis* (ECF No. 2) and his original Complaint (ECF No. 2-1). The Court granted plaintiff leave to proceed in forma pauperis and screened plaintiff's original Complaint, dismissing it with leave to amend because plaintiff failed to state a basis for federal subject-matter jurisdiction. *ECF No. 5*. Plaintiff filed an Amended Complaint ("prior Amended Complaint"). *ECF No. 6*. The Court screened the prior amended complaint and found that plaintiff had still not stated a basis for federal subject matter jurisdiction and dismissed the complaint with leave to amend. *ECF No. 11*. Plaintiff then filed the Amended Complaint at issue here. *ECF No. 12*.

Plaintiff seemed to file two amended complaints in his filing. *See ECF No. 12* at 1-4, 29-33. The two amended complaints both allege a claim under Lanham Act (15 U.S.C. § 1125(a)). The Court construes the Amended Complaint listed in ECF No. 12 at 29-33 as his operative complaint. This is because the complaint listed in ECF No. 12 at 29-33 lists the alleged word mark ("Real Pahrump

1

News") in dispute and has a date that plaintiff verifies that the alleged facts are true and correct. *ECF No. 33* at 29-33. The complaint listed in ECF No. 12 at 1-4 does not have either of these. Therefore, the Court will only consider plaintiff's amended complaint in ECF No. 12 at 29-33 here when screening. Furthermore, plaintiff also seemed to file a Motion for Preliminary Injunction in ECF No. 12. *ECF No. 12* at 34-36. The Court notes that it cannot consider the Motion for Preliminary Injunction at this time because plaintiff has not established federal question jurisdiction in this case.

**II.    AMENDED COMPLAINT**

    **A.    Legal Standard**

The Court exercises its discretion to screen the Amended Complaint. *See Yahral v. Fincher*, No. 2:24-cv-02042-CDS-MDC, 2025 WL 2211254 at *1 (D. Nev. August 4, 2025); *see also Harris v. Cnty of Clark*, No. 2:22-cv-00560-RFB-NJK, 2024 WL 4349195 at *1 (D. Nev. September 29, 2024) (stating "district courts repeatedly find that the decision to screen an amended complaint is within the discretion of the Court"); *Matlean v. Dzurenda*, No. 2:19-cv-01498-APG-DJA, 2021 WL 4864285 at *1 (D. Nev. October 19, 2021) (stating that Federal courts screen amended complaints at their discretion).[1]  The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Because a complaint must be complete in itself, courts generally do not consider matters outside the pleadings when screening complaints under 28 U.S.C. § 1915A. The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states

---

[1] While these cited cases were in the prisoner context and 28 U.S.C. § 1915 sometimes refers to prisoners, the Ninth Circuit has held that 28 U.S.C. § 1915 screening provisions are not limited to cases initiated by prisoners. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). At issue here is whether plaintiff's Amended Complaint states a plausible claim for relief.  "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

### B.    Analysis

Plaintiff's Amended Complaint (ECF No. 12) does not state a basis for jurisdiction. Plaintiff attempts to state a claim under the Lanham Act, 15 U.S.C. § 1125(a). *ECF No. 12* at 3. For the reasons below, the Court dismisses plaintiff's Amended Complaint with leave to amend.

### a.    Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). "We presume that federal courts lack jurisdiction unless the contrary appears

3

affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991) (internal quotation marks and citations omitted). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)).

A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction when a "civil action[] aris[es] under the Constitution, laws, or treaties of the United States." "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998) (internal quotations and citations omitted). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction when [1] parties are diverse and [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

This Court has already found that it lacks diversity jurisdiction. *ECF No. 5* at 4. As plaintiff does not claim that the parties are diverse or that the amount in controversy exceeds the sum or value of $75,000 in his Amended Complaint (ECF No. 12), the Court does not revisit the issue.

"The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)).

**Lanham Act (15 U.S.C. § 1125(a)):** Plaintiff's does not state a plausible claim under the Lanham Act. The Lanham Act, 15 U.S.C. § 1125(a) relevantly states:

> (1)Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>> (A)is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>> (B)in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

Plaintiff does not allege that his alleged word mark at issue, "Real Pahrump News," is registered nor does he attach a copy of registration. "Registration is a not prerequisite for protection under [15 U.S.C. § 1125(a)], but courts look to the general principles qualifying a mark for registration under § 2 [15 U.S.C. § 1052] when determining whether an unregistered mark is protectable." *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 n. 7 (9th Cir. 1998) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992)). Under 15 U.S.C. § 1052, "the mark must be distinctive" in order to qualify for registration. *See Kendall-Jackson Winery, Ltd.*, 150 F.3d at 1047.

"[Word] marks are often classified in one of five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful." *Id.* The latter three categories are "deemed inherently distinctive." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). "[G]eneric marks… are not registrable as trademarks." *Id.* Descriptive marks are not inherently distinctive but can acquire distinctiveness if the public comes to associate the mark with a specific source, referred by courts as "secondary meaning." *See Kendall-Jackson Winery, Ltd.*, 150 F.3d at 1047.

However, plaintiff does not allege sufficient facts to show that his alleged mark is inherently distinctive. Plaintiff's alleged mark manifestly identifies a geographical location and is a generic or descriptive use of "news." Plaintiff does not allege or show that his alleged mark has acquired a secondary meaning to the public. Therefore, plaintiff fails to plausibly allege that his alleged mark is entitled to protection under 15 U.S.C. § 1125(a).

Plaintiff does not show that his alleged mark of "Real Pahrump News" is inherently distinctive. Construing the complaint liberally, "Real Pahrump News" is descriptive. "A descriptive mark 'describes the qualities or characteristics of a good or service.'" *Paradise Law LLC v. PLG Partners LLC*, No. 2:24-CV-852 JCM-NJK,  2025 WL 588321, at *3 (D. Nev. February 25, 2025) (citing *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985)) The "line between descriptive and suggestive marks is nearly incapable of precise description." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1033 (9th Cir. 2010) (citation omitted). However, a mark that merely "define[s] qualities or characteristics of a product in a straightforward way that requires no exercise of the imagination to be understood" is descriptive. *Entrepreneur Media v. Smith*, 279 F.3d 1135, 1141-42 (9th Cir. 2002) (citation omitted). Courts in this circuit often use the "imagination test" to determine if a mark is descriptive, asking if "imagination or a mental leap is required in order to reach a conclusion as to the nature of the product being referenced." *Rudolph Int'l, Inc. v. Realys, Inc.*, 482 F.3d 1195, 1198 (9th Cir. 2007). Dictionary definitions are also relevant and persuasive in determining how terms in a mark are understood by the consuming public. *Paradise Law LLC*, 2025 WL 588321, at *3.

"Real Pahrump News" describes plaintiff's services, directly referring to the news profession that plaintiff takes part in his "public-facing media outlet focused on governmental accountability and community transparency." *See ECF No. 12* at 30. A mental leap is not required to understand the mark's relationship to plaintiff's services. Based on plaintiff's Amended Complaint, plaintiff's alleged mark is

descriptive and he must thus show that the mark has acquired secondary meaning in the minds of the public. *Rudolph Int'l, Inc.*, 482 F.3d at 1198. Plaintiff fails to do so.

Plaintiff alleges no facts in his Amended Complaint that "Real Pahrump News" has acquired secondary meaning to the public. *See Rudolph Int'l, Inc.,* 482 F.3d at 1198 (internal quotations and citations omitted) (descriptive terms are not generally trademark protected "but may be protected if they acquire 'secondary meaning' in the minds of consumers, i.e., [they] become distinctive of the trademark applicant's goods in commerce.").

Plaintiff claims that he ran a media organization that was "public-facing" but gives no detail or information as to how popular or distinctive his organization is to the public. *ECF No. 12* at 30.[2] Plaintiff fails to show that his mark is distinctive or has acquired secondary meaning. On the face of his Amended Complaint, plaintiff thus fails to allege sufficient facts that his alleged mark is valid and entitled to protection under Lanham Act, 15 U.S.C. § 1125(a). *See also Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005) (stating that the plaintiff with an unregistered mark has the burden of proof to show that his or her mark is valid).

Therefore, the Court lacks federal question jurisdiction under Lanham Act, 15 U.S.C. § 1125(a).

### b.     Leave to Amend

Given plaintiff's efforts to make a claim under the Lanham Act here, the Court will give plaintiff one, final opportunity to establish the basis for federal question jurisdiction. Plaintiff must make clear what "Constitution[al] [basis], laws, or treaties of the United States" establishes federal question jurisdiction and how. Plaintiff's Lanham Act claim must be sufficiently stated as discussed here. Plaintiff has until **March 3, 2026,** to file an amended complaint addressing the issues addressed above. Again, an amended complaint must be "complete in itself, including exhibits, without reference to the

---

[2] Plaintiff does not make any showing of secondary meaning in his other filed documents in ECF No. 12 either. *See generally ECF No. 12*.

superseded pleading." LR 15-1(a). The plaintiff is cautioned that failure to establish jurisdiction and a sufficient Lanham Act claim may result in dismissal of his lawsuit without leave to further amend his complaint.

### III.   CONCLUSION

Plaintiff has failed to cure the defects in his original Complaint and failed to establish federal question jurisdiction.[3] The Court will give him one more opportunity to amend his Complaint to establish federal question jurisdiction.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

---

[3] The Court has construed plaintiff's allegation reasonably liberally but will not conjure arguments or allegations which the plaintiff does not himself raise. *See ECF No. 5* at 8.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's Amended Complaint (ECF No. 12) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO REFILE**.

2. Plaintiff has until **March 3, 2026,** to file an amended complaint addressing the issues addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order will result in a recommendation for dismissal.

3. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

4. Defendant is not required to respond to plaintiff's new amended complaint until the Court has screened it.

DATED:  February 3, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

9

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.