**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Anthony Greco,<br>Plaintiff,<br>vs.<br>Deanna O'Donnell, *et al.*,<br>Defendants. | **2:25-cv-01056-APG-MDC**<br><br>**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 14) and DENY MOTION FOR LEAVE (ECF NO. 15) AS MOOT** |

Pending before me is *pro se* plaintiff Anthony Greco's Amended Complaint (ECF No. 14) ("current Amended Complaint"). This is plaintiff's fourth complaint that he has attempted to have screened. *ECF Nos. 2-1*, *6*, *12*, *14*. I **RECOMMEND** that plaintiff's Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**; dismissing his Lanham Act and federal claims **WITH PREJUDICE**; and dismissing his state claims **WITHOUT PREJUDICE** so that plaintiff may bring those claims in state court. I further **RECOMMEND** that plaintiff's *Motion for Leave to File Amended Complaint* ("Leave Motion") (ECF No. 15) is **DENIED** as moot. My reasoning is as follows.

## <u>DISCUSSION</u>

## I. BACKGROUND

On June 16, 2025, plaintiff initiated this action by filing an Application for Leave to Proceed *in forma pauperis* (ECF No. 2) and his original Complaint (ECF No. 2-1). I granted plaintiff leave to proceed *in forma pauperis* and screened plaintiff's original Complaint, dismissing it with leave to amend because he failed to plausibly state a basis for federal subject-matter jurisdiction. *ECF No. 5*. Plaintiff filed an amended complaint, which I dismissed without prejudice as he had still not plausibly stated a basis for federal subject matter jurisdiction. *ECF Nos. 6*, *11*. Plaintiff then filed another amended complaint ("last prior Amended Complaint"), which I also dismissed without prejudice for the same

reason and gave him "one, final opportunity to establish the basis for federal question jurisdiction." *ECF Nos. 12*, *13*. He now brings the current Amended Complaint at issue here. *ECF No. 14*.

## II. AMENDED COMPLAINT

### A. Legal Standard

I exercise my discretion to screen the current Amended Complaint. *See Yahral v. Fincher*, No. 2:24-cv-02042-CDS-MDC, 2025 WL 2211254, at *1 (D. Nev. August 4, 2025); *see also Harris v. Cnty of Clark*, No. 2:22-cv-00560-RFB-NJK, 2024 WL 4349195, at *1 (D. Nev. September 29, 2024) (stating "district courts repeatedly find that the decision to screen an amended complaint is within the discretion of the Court"); *Matlean v. Dzurenda*, No. 2:19-cv-01498-APG-DJA, 2021 WL 4864285, at *1 (D. Nev. October 19, 2021) (stating that Federal courts screen amended complaints at their discretion).[1] I will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Because a complaint must be complete in itself, courts generally do not consider matters outside the pleadings when screening complaints under 28 U.S.C. § 1915A. The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108,

[1] While these cited cases were in the prisoner context and 28 U.S.C. § 1915 sometimes refers to prisoners, the Ninth Circuit has held that 28 U.S.C. § 1915 screening provisions are not limited to cases initiated by prisoners. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

While a document filed *pro se* are liberally construed, "[c]ourts are not required to conjure allegations on behalf of *pro se* filers." *Coney v. Lozo*, No. 2:23-cv-01645-CDS-EJY, 2024 WL 2271553, at *2 (D. Nev. May 20, 2024). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("while courts liberally construe *pro se* pleadings… judges are not also required to construct a party's legal arguments for him." (citation omitted)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

**B. Analysis**

Despite being given several opportunities, plaintiff's current Amended Complaint (ECF No. 14) does not state a basis for jurisdiction. Plaintiff alleges that diversity jurisdiction exists in this case. *ECF No. 14* at 2. Plaintiff also attempts to state a claim under the Lanham Act, 15 U.S.C. § 1125(a). *Id*. For the reasons below, I recommend dismissing plaintiff's current Amended Complaint with prejudice.

**a. Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). "We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991) (internal quotation marks and citations omitted). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 182-183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)).

A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction when a "civil action[] aris[es] under the Constitution, laws, or treaties of the United States." "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998) (internal quotations and citations omitted). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction when [1] parties are diverse and [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

In the current Amended Complaint, plaintiff alleges that diversity jurisdiction exists because the amount in controversy exceeds $75,000 and that the parties in this case are citizens of different states. *ECF No. 14* at 2. However, plaintiff alleges no facts to show that the amount in controversy exceeds $75,000 or that the parties in this case are citizens of different states. *See generally ECF No. 14*. Moreover, diversity jurisdiction requires complete diversity between plaintiff and defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also Usigbe v. Petramala*, No. 2:24-cv-01043-CDS-NJK, 2024 WL 4437142, at *2 (D. Nev. October 4, 2024) (stating "federal courts have diversity jurisdiction under 28 U.S.C. § 1332 when there is "'complete diversity among the parties….'" (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018)). I already found that plaintiff and defendant Deanna O'Donnell are citizens of Nevada (ECF No. 5 at 4) and plaintiff does not allege any facts that changes that finding. Therefore, complete diversity and diversity jurisdiction do not exist in this case. *See Lincoln Prop. Co.*, 546 U.S. at 89; *see also Usigbe*, 2024 WL 4437142, at *2.

"The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)).

**Lanham Act (15 U.S.C. § 1125(a)):** Plaintiff fails to state a plausible claim under the Lanham Act. The Lanham Act, 15 U.S.C. § 1125(a) relevantly states:

> (1)Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A)is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B)in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

I denied plaintiff's prior Lanham Act claim without prejudice because he failed to plausibly allege that his unregistered word mark, Real Pahrump News, was inherently distinctive or acquired secondary meaning to the public. *ECF No. 13* at 5-7. I also outlined the relevant standards for plaintiff to plausibly allege a Lanham Act against defendants. *See id.* However, in his current Amended Complaint, plaintiff again alleges no facts that his word mark is either inherently distinctive or acquired any secondary meaning to the public. *See generally ECF No. 14*.[2] Plaintiffs with an unregistered mark have

[2] Plaintiff also fails to make any showing of inherent distinctiveness or secondary meaning in his other filed documents attached to his current Amended Complaint either. *See generally ECF No. 14*.

the burden of proof to show that his or her mark is valid. *See Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005). Plaintiff here has not met his burden and thus fails to show that his alleged word mark is valid and entitled to protection under 15 U.S.C. § 1125(a). Therefore, this Court lacks federal question jurisdiction under the Lanham Act.

**b. State Law Claims**

Plaintiff also puts forth a variety of related state law claims in his current Amended Complaint. *ECF No. 14* at 4. Although supplemental jurisdiction may allow for plaintiff to bring state law claims, plaintiff cannot bring these claims here because his federal claims fail. *See* 28 U.S.C. § 1367(c) ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if… (3) the district court has dismissed all claims over which it has original jurisdiction"). Plaintiff is free to bring these claims to state court. However, this Court lacks jurisdiction to adjudicate his claims.

**c. Recommendation To Dismiss Complaint With Prejudice**

Under 28 U.S.C. § 1915(e), courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Although generally "the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies," leave may be denied when "it is clear from the face of the complaint that deficiencies **could not be cured through amendment**." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

Plaintiff has shown that the deficiencies in his current Amended Complaint cannot be cured by allowing yet another opportunity to amend. When denying plaintiff's last prior Amended Complaint, I cautioned that if plaintiff failed to file an amended complaint to cure the noted deficiencies, I would recommend dismissal. Plaintiff has failed to cure the deficiencies in his current Amended Complaint because he does not allege or put forth any facts that his word mark is valid or otherwise plausibly allege

that this case has subject matter jurisdiction. Courts have dismissed complaints with prejudice where plaintiffs failed to cure the deficiencies in the complaint after being given multiple chances to amend. *See Hart v. Las Vegas Metro Police*, No. 2:21-cv-01247-APG-DJA, 2022 WL 21756599, at *2 (D. Nev. May 9, 2022) (recommending dismissal of plaintiff's complaint with prejudice when plaintiff was given prior chances to amend his complaint and was already cautioned that failure to cure the deficiencies in his complaints would lead to a recommendation of dismissal), report and recommendation adopted sub nom. *Hart v. Las Vegas Metro Police*, No. 2:21-cv-01247-APG-DJA, 2022 WL 21756613 (D. Nev. June 1, 2022); *see also Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not abuse of discretion where further amendment is futile). I thus recommend that plaintiff's Lanham Claims be dismissed with prejudice and his remaining claims dismissed without prejudice for plaintiff to pursue in state court, if he so chooses.

**d. Plaintiff's Leave Motion**

In plaintiff's Leave Motion, he requests to file a "First Amended Complaint" on the docket for this case. *ECF No. 15*.[3] However, plaintiff attached proposed amended complaint consists solely of an electronic signature that he did not include in his current Amended Complaint. *Id.* at 4; *ECF No. 14* (plaintiff's Amended Complaint not having his electronic signature). He does not attach any amended complaint that alters or changes his allegations or claims in the current Amended Complaint. *See generally ECF No. 15*. Given the foregoing and because I recommend that plaintiff's current Amended Complaint be dismissed with prejudice, I also recommend that his Leave Motion be denied as moot.

//

//

//

---

[3] Plaintiff also attached several other motions for leave to file an amended complaint, requesting for the same duplicative relief as the Leave Motion listed at ECF No. 15 at 1. Therefore, I liberally construe the Leave Motion listed at ECF No. 15 at 1 as his operative Leave Motion.

ACCORDINGLY,

**I RECOMMEND** that plaintiff's Amended Complaint (ECF No. 14) be **DISMISSED WITHOUT LEAVE TO AMEND. I FURTHER RECOMMEND** that plaintiff's Lanham Act and federal claims be **DISMISSED WITH PREJUDICE** and that his state-based claims be **DISMISSED WITHOUT PREJUDICE** so that plaintiff may bring the those claims in state court.

**I FURTHER RECOMMEND** that plaintiff's *Motion for Leave to File Amended Complaint* (ECF No. 15) be **DENIED** as moot.

DATED: July 15, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.